IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. C-04-690 |
| | § | |
| JORGE PUENTE. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S LETTER MOTION FOR SENTENCE CREDIT**

On September 13, 2007, the Court received a letter from Defendant Jorge Puente in which he complains that the Bureau of Prisons has improperly calculated his sentence. (D.E. 53.) In particular, he alleges that the Bureau of Prisons has not given him credit against his federal sentence for two months that he alleges he was in federal custody, rather than state custody. He requests that the Court "look into this matter and advise the B.O.P. to change the realse [sic] date to reflect the correct date." (D.E. 53 at 1.)

This Court cannot simply "advise" the Bureau of Prisons to change Defendant's release date. To the extent that he believes the BOP has improperly calculated his federal sentence or failed to give him credit, Puente's remedy is to file a petition pursuant to 28 U.S.C. § 2241, after first exhausting his administrative remedies with the Bureau of Prisons.[1] See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus

---

[1] A defendant is required to exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992).

1

pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). See also Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003) (analyzing claim for credit to sentence under § 2241).

Thus, to the extent that Puente is asking for relief from this Court outside the context of § 2241, his letter motion is DENIED. If Puente seeks to challenge the BOP's computation of his sentence, he should file a § 2241 petition *after* exhausting his administrative remedies through the Bureau of Prisons. Additionally, the Clerk is directed to send blank § 2241 forms to Puente.

It is so ORDERED this 19th day of September 2007.

_____
HAYDEN HEAD
CHIEF JUDGE